THE PEOPLE, RESPONDENT, *v.* SILVA ET AL., APPELLANTS.

APPEAL from the District Court of Guayama.

No. 594.—Decided March 11, 1913.

CRIMINAL LAW—PERJURY—CONTEMPT—JURISDICTION.—The jurisdiction of a court to punish perjury committed in open court under summary contempt proceedings in accordance with the Act of March 9, 1911, ends when the case in which the perjury was committed is no longer pending—that is, after judgment therein has been rendered. Therefore the proceedings for contempt should be commenced before the judgment is rendered. *The People* v. *Valcourt*, 18 P. R. R., 471.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* and *Frank Martínez, acting fiscal,* for The People.

*Mr. Tomás Bernardini de la Huerta* for appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In the case at bar the District Court for the Judicial District of Guayama, by judgment rendered on June 15, 1912, declared Vicente Silva and Dionisio Suárez guilty of contempt of court in having committed perjury while testifying in that court in the action of unlawful detainer brought by Mike O'Rourke against Eugenio Pacheco and sentenced Silva to one month and a half in jail and Suárez to three months in jail, from which judgment both appealed to this court.

Both the attorney for appellants and the *fiscal* agreed that the judgment appealed from should be reversed.

It appears from the transcript of the record that the ac-

tion of unlawful detainer in which the contempt is said to have been committed was tried on May 23, 1912, and that on the same day the Guayama court rendered its judgment and the defendants appealed therefrom, while the rule against the appellants to show cause why they should not be punished for contempt was issued on May 29, they were heard on June 11 following and the judgment appealed from was rendered on the 15th of the same month.

As may be seen, the rule which originated the proceedings for contempt was issued six days after the rendering of the judgment in the civil action in which the contempt is supposed to have been committed; therefore this case should be governed by the principles laid down in our opinion in the case of *The People of Porto Rico* v. *Ramón Valcourt,* 18 P. R. R., 471.

The meaning and scope of section 1 of Act No. 41, to provide a summary punishment for perjury committed in open court, and for other purposes, approved March 9, 1911, have been set forth in the said opinion as well as in that which served as the basis for the subsequent decision rendered by this court in the case of *The People of Porto Rico* v. *Manuel Antonio Guzmán Alvarez,* 18 P. R. R., 806. In both cases we established the principle that contempt proceedings should be initiated while the case in which the offense was committed is still pending before the court—that is, from the time the complaint is filed until a judgment is rendered deciding the question in litigation. When the case is no longer pending the jurisdiction to punish contempt committed by means of perjury ceases and the guilty party can be tried for perjury only in the ordinary manner.

Inasmuch as the Guayama court had no jurisdiction to initiate the contempt proceedings in which the judgment appealed from was rendered, this should be reversed.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.